IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT CRUMMEY and CHERYL CRUMMEY, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION No. H-15-980 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are the following motions: Plaintiffs' First Motion for Partial Summary Judgment (Tax Year 2009)(Doc. 48); Plaintiffs' Second Motion for Partial Summary Judgment (Tax Year 2012)(Doc. 49); Plaintiffs' Third Motion for Partial Summary Judgment (Tax Year 2013)(Doc. 50); Plaintiffs' Fourth Joint Motion for Partial Summary Judgment (Tax Year 2014)(Doc. 51); Plaintiff Brent Crummey's First Motion for Partial Summary Judgment (Tax Year 2003) (Doc. 62); United States' Cross-Motion for Partial Summary Judgment (Doc. 66); and United States' Cross-Motion for Summary Judgment (Tax Years 2005, 2006, and 2008)(Doc. 90). The court has reviewed the motions and the responses filed thereto. For the reasons explained below, it is **RECOMMENDED** that Plaintiffs' motions be **GRANTED IN PART AND DENIED**

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 17, Ord. Dated July 27, 2015.

**IN PART** and that the United States' motions be **GRANTED IN PART AND DENIED IN PART.**

## I. Case Background

This tax refund suit was filed by Plaintiffs after a lengthy dispute with the Internal Revenue Service ("IRS") concerning the taxability of Brent Crummey's income, Brent Crummey's conviction for filing false claims for refund, and a Tax Court lawsuit over taxes, penalties and interest owed by the Crummeys for tax years 2005, 2006, and 2008.

### A. Procedural History

Plaintiffs Brent and Cheryl Crummey filed this action on April 15, 2015, seeking refunds of taxes or interest owing for tax years 2010, 2011, and 2012, damages for wrongful disclosures made by a revenue officer to Brent Crummey's probation officer, damages for the wrongful seizure of Cheryl Crummey's inheritance to satisfy her husband's criminal restitution obligation and damages for issuing a notice of intent to levy based on Brent Crummey's criminal restitution.[2]

On June 9, 2015, the United States filed counterclaims against the Crummeys seeking to obtain a judgment in the amount of $23,401.33, representing the balance due on "restitution-based

---

[2]    See Doc. 1, Pls.' Orig. Compl. The claims for wrongful disclosure and wrongful seizure of assets have been non-suited by the Crummeys. See Doc. 120, Mem. & Rec. Dated July 24, 2017; Doc. 123, Ord. Adopting Mem. & Rec. Dated Aug. 15, 2017.

assessments" for tax years 2003, 2004, 2005 and 2006.[3] The United States also sought to reduce to judgment a tax deficiency of $34,139.29, plus statutory accruals, representing an amount owed by Brent Crummey d/b/a I-Systems for tax year 2003.[4]

On November 19, 2015, the Crummeys filed their First Amended Complaint.[5] The Crummeys sought refunds or credit for taxes and accrued interest for tax years 2009-2014.[6] On August 8, 2016, the Crummeys filed the pending motions for partial summary judgment on their claims for refund in tax years 2009, 2012, 2013 and 2014.[7] On September 1, 2016, Brent Crummey filed the pending motion for partial summary judgment concerning the legitimacy of amounts assessed for tax year 2003.[8]

On October 13, 2016, the United States moved to amend its counterclaim to seek a judgment for taxes, penalties and interest assessed by the Tax Court and upheld by the Fifth Circuit for tax years 2005, 2006 and 2008.[9] The motion was granted on November 18,

---

[3]  See Doc. 6, U.S.'s Ans. & Countercl. pp. 17-18.

[4]  See Doc. 6, U.S.'s Ans. & Countercl. p. 18.

[5]  See Doc. 37, Pls.' 1st Am. Compl.

[6]  See id. pp. 1-7 (Counts 1-6).

[7]  See Docs. 48, 49, 50 & 51, Pls.' Mots. for Partial Summ. J.

[8]  See Doc. 62, Pl.'s Mot. for Partial Summ. J.  All five motions were consolidated for consideration on February 16, 2017.  See Doc. 97, Min. Entry Ord. Dated Feb. 16, 2017.

[9]  See Doc. 72, Opp. Mot. to Amend.

2016, and the amended counterclaim was filed on November 22, 2016.[10]

On January 13, 2017, the United States filed its response to Plaintiffs' motions for partial summary judgment as well as a cross-motion for summary judgment.[11] On February 16, 2017, May 18, 2017, and July 14, 2017, the court held status conferences with the parties in an effort to clarify issues raised in the summary judgment motions.[12]

## B. **Factual History**

### 1. **Tax Year 2003**

On or about March 15, 2004, Brent and Cheryl Crummey filed a joint Form 1040 assessing their individual tax liability for tax year 2003. They declared $115,128 in income, withholding credits of $18,589, and received a refund of $3,495.[13]

On June 6, 2006, Brent Crummey filed a Form 1041, a form used to tax income earned by a trust, for tax year 2003, and placed his personal taxpayer identification number on the return.[14] On the 2003 Form 1041, Crummey recharacterized his 2003 W-2 wages as "trust income," deducted "fiduciary fees" and an "income distribution deduction," claimed that the trust owed no income tax

---

[10]   See Doc. 80, Ord. Dated Nov. 18, 2016; Doc. 81, Am. Countercl.

[11]   See Doc. 90, U.S.'s Resp. & Cross-Mot. for Summ. J.

[12]   See Docs. 97, 111 & 114, Minute Entries.

[13]   See Doc. 62-1, Ex. 4 to Pl.'s Mot. for Partial Summ. J., Certificate of Tax Assessments & Payments for Tax Year 2003.

[14]   See Doc. 62-1, Ex. 1 to Pl.'s Mot. for Partial Summ. J., 2003 Form 1041.

4

for tax year 2003, and sought a refund of $19,313.90.[15] Apparently confused by two returns filed under Brent Crummey's personal taxpayer identification number for the same year, the IRS replaced Crummey's personal taxpayer identification number with the employer identification number of Crummey's sole proprietorship, I-Systems, and processed the return for a refund.[16] The IRS issued a tax refund to Brent Crummey, as the sole proprietor of I-Systems, in the amount of $19,579.19 on August 21, 2006.[17]

### 2. Tax Years 2005 and 2006

On or about April 14, 2006, Brent Crummey declared his 2005 W-2 wages and 1099-B income on a 2005 Form 1041.[18] He listed "BRENT EDWARD CRUMMEY" as the name of the trust and "Brent E. Crummey" as the trust's fiduciary.[19] The 2005 Form 1041 declared $115,676 in income, deducted $108,432 for "fiduciary fees," showed an adjusted total income of $7,244, and a taxable income of zero dollars.[20] The return declared that $17,164 had been withheld in taxes and

---

[15]   See Doc. 62-1, Ex. 2 to Pl.'s Mot. for Partial Summ. J., 2003 Form 1041 p. 11.

[16]   See Doc. 62-1, Ex. 2 to Pl.'s Mot. for Partial Summ. J., 2003 Form 1041 pp. 11, 16; id. Ex. 3, Not. of Assessment, I-Systems pp. 21, 26.

[17]   See Doc. 62-1, Ex. 5 to Pl.'s 1st Mot. for Partial Summ. J., Certificate of Assessments; Doc. 66-4, Ex. 3 to U.S.'s Resp. in Opp. to Pl.'s 1st Mot. for Partial Summ. J., Treasury Check issued to Brent Crummey/I-Systems.

[18]   See Doc. 90-4, Ex. 2-J to U.S.'s Resp. & Mot. for Summ. J., Tax Year 2005 Form 1041 p. 18.

[19]   Id.

[20]   Id.

demanded a refund in that amount.[21]  Brent Crummey received a refund in the amount of $17,164 on May 30, 2006.[22]  The summary judgment evidence does not reflect that Cheryl Crummey timely filed a 2005 return.

In tax year 2006, Brent Crummey continued to use a Form 1041 return to declare $178,371 in personal W-2 income, interest income and a 1099-R distribution.[23]  He deducted $172,530 for "fiduciary fees," declared $0 in taxable income, and demanded a refund of $30,873 for withheld taxes.[24]  He was issued a refund in the amount of $30,873 on March 13, 2007.[25]  The summary judgment record does not reflect that Cheryl Crummey filed a timely 2006 tax return.

In April 2007, Brent Crummey met with two IRS officers who offered to help him file a proper Form 1040 for tax year 2005.[26] During the interview, Crummey attempted to explain his beliefs that he, a flesh-and-blood person, could not be "numbered," that he was not required to file a tax return and, when the Social Security Administration issued a taxpayer identification number in the name

---

[21]    <u>Id.</u>

[22]    <u>See</u> Doc. 90-4, Ex. 9-J to U.S.'s Resp. & Mot. for Summ. J., 2005 Refund Check, p. 51.

[23]    <u>See</u> Doc. 90-4, Ex. 4-J to U.S.'s Resp. & Mot. for Summ. J., Tax Year 2006 Form 1041 p. 32.

[24]    <u>Id.</u>

[25]    <u>See</u> Doc. 90-4, Ex. 9-J to U.S.'s Resp. & Mot. for Summ. J., 2006 Tax Refund Check p. 52.

[26]    <u>See</u> Doc. 90-4, Ex. 9-J to U.S.'s Resp. & Mot. for Summ. J., Tr. of Interview Dated Apr. 7, 2007 pp. 53-61.

of Brent Edward Crummey, it created a trust, which properly filed the Form 1041 for 2005.[27]

### 3. Criminal Investigation

Based on the above, the IRS opened a criminal investigation, and Crummey was interviewed by IRS special agents in December 2007 and January 2008.[28] Following the interviews, Crummey filed approximately six amended Form 1041 returns for tax years 2002, 2003, 2005 and 2006, claiming refunds in each.[29]

On April 12, 2009, Crummey filed a homemade income tax return for tax year 2008 which continued to declare his W-2 wages, 1099-B income and rental income as trust income.[30] Crummey declared total income of $184,688.11, deducted $175,984.87 in "fiduciary fees" and $8,703.24 for "income distribution to beneficiary," and declared

---

[27]    Id. pp. 55-56.

[28]    See Doc. 90-5, Ex. 14-J to U.S.'s Resp. & Mot. for Summ. J., Transcript of Special Agent Michael Greer pp. 31, 46.

[29]    Id. p. 46. Three returns were filed for tax year 2002, and one in each of the remaining years. Id.

[30]    See Doc. 90-4, Ex. 5-J to U.S.'s Resp. & Mot. for Summ. J., 2008 Homemade Tax Return p. 37. Accompanying this "return," was a note which stated the following:

> To whom it may concern: This trust hereby provides its income, deductions, and overpayment information on the page entitled "2008 Income Tax Return," with attached supporting schedules and statements for tax year 2008. Since the Internal Revenue Service has informed this trust that IRS tax return form 1041 is not the proper form for this trust to file and that doing so could be construed as a criminal offense, we have created a return this trust [sic] to comply with the law. As noted on the return, we have determined no tax liability for tax year 2008.

Id. p. 26.

that the trust had no taxable income.[31] Crummey claimed a refund of $8,522.74, but the government did not issue the refund for that tax year.[32]

On May 17, 2010, Crummey was indicted for making six false claims for refund for tax years 2002-2007, in violation of 18 U.S.C. § 287.[33] On September 29, 2010, a jury found Crummey guilty on all counts.[34] The criminal judgment, dated January 27, 2011, reflected that Crummey was ordered to make restitution to the United States in the amount of $83,989.22, imposed a special condition of supervision that required Crummey to provide his probation officer access to any requested financial information, and ordered Crummey to cooperate with the IRS in the collection of assessed tax liabilities for tax years 2002-2007.[35] In order to track the restitution payments, the IRS set up a "separate assessment" account for Crummey.[36]

### 4. Post-Conviction Assessments

In the course of the post-conviction examination of the

---

[31]  Id.

[32]  Id.; Doc. 90-9, Ex. 6 to U.S.'s Resp. & Mot. for Summ. J., Tr. of Tax Court Trial p. 27.

[33]  See Doc. 1, United States v. Crummey, Case No. 4:10cr315 (S.D. Tex. May 17, 2010), Indictment.

[34]  See Doc. 114, United States v. Crummey, Case No. 4:10cr315, (S.D. Tex. Jan. 27, 2011), Judgment p. 1.

[35]  See id. pp. 5-6.

[36]  See Doc. 100, U.S.'s Brief on Issues Raised in Feb. 17, 2017 Min. Entry p. 2.

Crummeys' tax returns, on December 3, 2012, the Crummeys filed "amended joint returns" for tax years 2005-2008, in which they maintained that they were properly taxed as trust entities.[37] Using this "return" information, a revenue agent prepared a notice of deficiency for tax years 2005, 2006 and 2008.[38]

For tax year 2005, the IRS calculated that the Crummeys had taxable income in the amount of $103,751 and a corrected tax liability of $20,040.[39] The IRS assessed a fraudulent failure-to-file penalty[40] pursuant to 26 U.S.C. §§ ("Section") 6651(a)(1), (f) in the amount of $13,888.57 and a failure-to-pay penalty pursuant to Section 6651(a)(2)[41] in the amount of $4,298.75.[42]

For tax year 2006, the IRS calculated that the Crummeys had $139,286 in taxable income and a corrected tax liability of

---

[37] See Doc. 90-4, Ex. 13-J to U.S.'s Resp. & Mot. for Summ. J., Letter Dated Dec. 3, 2012, Amended Returns for Tax Years 2005-2008 pp. 71-80.

[38] See Doc. 90-4, Ex. 5 to U.S.'s Resp. & Mot. for Summ. J., Form 5278 Income Tax Changes pp. 1-25.

[39] See Doc. 90-4, Ex. 1-J to U.S.'s Resp. & Mot. for Summ. J., pp. 6-17.

[40] Pursuant to 26 U.S.C. § 6651(a)(1), the failure-to-file penalty is five percent of "the amount required to be shown as tax on such return" if the delay in filing is not more than one month, with an additional five percent for each additional month up to a maximum of twenty-five percent. If the failure to file is deemed fraudulent, Section 6651(f) increases the monthly penalty to fifteen percent, up to a maximum of seventy-five percent.

[41] Section 6651(a)(2) imposes a 0.5 percent penalty for a failure to pay not exceeding one month and increases the penalty 0.5 percent for each additional month the tax is not paid up to a maximum of fifty months. When both penalties apply, as in this case, the maximum penalty is 22.5 percent under Section 6651(a)(1) or 72.5 percent under Section 6651(f). The full computations are found in Doc. 90-8, Ex. 5 to U.S.'s Resp. & Mot. for Summ. J., Comm'r's Computation for Entry of Decision.

[42] See Doc. 90-4, Ex. 1-J to U.S.'s Resp. & Mot. for Summ. J., Explanation of Penalty Tax Year 2005 p. 15.

$32,866.[43]  The IRS imposed a fraudulent failure-to-file penalty in the amount of $22,943.15 and a failure-to-pay penalty in the amount of $7,233.50.[44]

For tax year 2008, the IRS calculated that the Crummeys had $112,611 in taxable income and a corrected tax liability of $20,240.[45]  The IRS assessed a fraudulent failure-to-file penalty in the amount of $5,858.49 and a failure-to pay penalty in the amount of $715.67.[46]

On March 26, 2014, the IRS sent the Crummeys a Notice of Deficiency for penalties owing for tax years 2005, 2006 and 2008.[47] On June 24, 2014, the Crummeys appealed the penalty assessments to the United States Tax Court.[48]  In the petition, the Crummeys alleged that the applicable limitations periods had expired, that they had filed timely returns for each year, and that they had cooperated with the IRS in its investigation of their tax

---

[43]    Id. p. 13.

[44]    Id. p. 16.

[45]    Id. p. 13.

[46]    Id.

[47]    See Doc. 90-7, Ex. 4 to U.S.'s Resp. & Mot. for Summ. J., Not. of Deficiency Dated Mar. 26, 2014 pp. 3-5.  For tax year 2005, the Notice assessed penalties in the amount of $13,888.87 for fraudulent failure to file and $4,298.75 for failure to pay.  Id. p. 3. For tax year 2006, the Notice assessed penalties in the amount of 22,943.15 for fraudulent failure to file and $7,233.50 for failure to pay.  Id.  For tax year 2008, the Notice assessed penalties in the amount of $5,858.82 for fraudulent failure to file and $175.67 for failure to pay.  Id.

[48]    See id. Tax Court Pet. p. 1.

liability.[49]

### 5. Tax Court Rulings – Tax Years 2005, 2006 and 2008

The Crummeys and the IRS submitted to the Tax Court a number of stipulations of fact.[50]  Prior to trial, the IRS conceded that that Cheryl Crummey did not owe fraudulent failure-to-file penalties under Section 6651(f), but instead owed ordinary failure-to-file penalties under Section 6651(a)(1).[51]

In a decision dated January 16, 2016, the Tax Court found that the Crummeys did not timely file Forms 1040 for tax years 2005, 2006 and 2008.[52]  After reviewing the evidence, the Tax Court imposed Section 6651(f) fraudulent failure-to-file penalties against Brent Crummey for all three tax years based on his persistent assertion of frivolous legal theories.[53]  The court also imposed Section 6651(a)(2) failure-to-pay penalties against both Brent and Cheryl Crummey for all three tax years based on their continued assertions of frivolous positions concerning their liability for income taxes.[54]

---

[49]    Id. p. 2.

[50]    See Doc. 90-4, Ex. 3 to U.S.'s Resp. & Mot. for Summ. J., 1st Stipulations of Fact, pp. 2-5.  The stipulations included a number of attached documents that formed the basis for the assessments, including the Form 1041 returns, the amended returns, Brent Crummey's conviction and the IRS assessment calculations.  Id.

[51]    See Doc. 90-12, Ex. 3 to U.S.'s Resp. & Mot. for Summ. J., Tax Ct. Decision Dated Jan. 12, 2016.

[52]    Id. p. 3.

[53]    Id. pp. 9-12.

[54]    Id. pp. 12-13.

11

The Crummeys moved for reconsideration and to vacate the decision on numerous grounds.[55] Relevant here, Crummey contended that as of April 15, 2006, when the 2005 tax return was due, the United States had in its possession his withholding taxes, and that this amount should have been credited in his favor in determining the tax deficiency despite the fact that he received that withholding as a tax refund.[56] In response, the IRS submitted a new calculation of the penalties owing, which also credited amounts recently paid toward those penalties.[57]

On June 15, 2016, the Tax Court credited the Crummey's arguments in part and adopted the IRS's new calculation of penalties.[58] The Tax Court's decision found Brent Crummey liable for fraudulent failure-to-file penalties in the amounts of $1,422.50 (2005), $22,943.15 (2006), and $5,858.49 (2008).[59] The decision assessed an Section 6651(a)(1) failure-to-file penalty against Cheryl Crummey in the amount of $6,510.15 for tax year 2006.[60] Finally, the Tax Court assessed a failure-to-pay penalty

---

[55]     See Docs. 91, 91-1 Exs. 11, 12 to U.S.'s Resp. & Mot. for Summ. J., Brent & Cheryl Crummey's Mots. for Reconsideration; Doc. 91-2, Ex. 13 to U.S.'s Resp. & Mot. for Summ. J., Pets.' Mot. to Vacate.

[56]     See Doc. 91, Ex. 11 to U.S.'s Resp. & Mot. for Summ. J., Brent Crummey's Mot. for Reconsideration p. 10.

[57]     See Doc. 90-8, Ex. 5 to U.S.'s Resp. & Mot. for Summ. J., Income Tax Changes, Explanation of Delinquency Penalty pp. 4-6.

[58]     See Doc. 90-3, Ex. 2 to U.S.'s Resp. & Mot. for Summ. J., Ord. & Decision Dated June 15, 2016 p. 2.

[59]     Id.

[60]     Id.

against both Brent and Cheryl Crummey in the amount of $7,233.50 for tax year 2006.[61]

The Crummeys' motions for reconsideration, to vacate the decision and to recuse the Tax Court judge were denied on July 13, 2016.[62] The Crummeys' appeal to the Fifth Circuit was unsuccessful.[63] The taxes and penalties owing for tax years 2005, 2006 and 2008 have been adjudicated.

## 6. Tax years 2009, 2012, 2013 and 2014

### a. 2009 Tax Year

On September 4, 2012, Brent and Cheryl Crummey filed a homemade joint tax return for tax year 2009.[64] In the document, the Crummeys declared $163,152 in adjusted gross income, itemized deductions in the amount of $14,635, personal exemptions in the amount of $14,600 and calculated the tax owing as $25,854.[65] After giving themselves credit for withheld taxes ($9,260) and "work pay" credits ($468), they owed $16,126 in unpaid taxes.[66]

---

[61]    Id.

[62]    See Docs. 91-7, 91-8, 91-9, 91-10, 91-11, Exs. 18-22 to U.S.'s Resp. & Mot. for Summ. J. Each motion was denied on the face of the motion. See Doc. 91-7, Ex. 18 to U.S.'s Resp. & Mot. for Summ. J. p. 1; Doc. 91-8, Ex. 19 to U.S.'s Resp. & Mot. for Summ. J. p. 1; Doc. 91-9, Ex. 20 to U.S.'s Resp. & Mot. for Summ. J. p. 1; and Doc. 91-10, Ex. 21 to U.S.'s Resp. & Mot. for Summ. J. p. 1.

[63]    See Doc. 109-1, Ex. 1 to U.S.'s Not. of 5th Cir. Ruling, Apr. 4, 2017 Ord. Denying Pet. for Reh'g En Banc.

[64]    See Doc. 48-1, Ex. 1 to Pls.' 1st Mot. for Summ. J., 2009 Jt. Tax Return p. 1.

[65]    Id.

[66]    Id.

In March 2013, the IRS audited this return but did not give them credit for withheld taxes.[67] The IRS determined that the net tax liability was $25,317 and imposed interest on the underpayment of tax in the amount of $2,703.[68] On May 19, 2014, the interest had accrued to $3,607.00 and the IRS imposed a penalty for late payment of tax in the amount of $6,202.66.[69] In order to forestall the imposition of a tax lien on their property, the Crummeys made a payment in the amount of $35,126.77, which reduced the balance owing on tax year 2009 to zero.[70]

The Crummeys complained that they were not given credit for withheld taxes, and, on August 17, 2015, the IRS agreed that the Crummeys were due a refund in the amount of $12,848.04 for tax year 2009.[71] The notice stated that they would receive their tax refund within two to three weeks "as long as you don't owe other tax or debt we're required to collect."[72] The summary judgment evidence shows that the 2009 refund amount was credited to the balance owing

---

[67]     See Doc. 48-3, Ex. 3 to Pls.' 1st Mot. for Summ. J., Examination Changes pp. 3-4.

[68]     Id.

[69]     See Doc. 48-4, Ex. 4 to Pls.' 1st Mot. for Summ. J., Certificate of Tax Assessments & Payments for Tax Year 2009 p. 3.

[70]     Id.

[71]     See Doc. 48-6, Ex. 6 to Pls.' 1st Mot. for Summ. J., Letter From IRS to Cheryl Crummey Dated Aug. 17, 2015.

[72]     Id.

on the Crummeys' 2003 tax deficiency.[73]   The present balance owing
on the 2009 tax year is zero.[74]

### b.   2012 Tax Year

On or about April 15, 2013, the Crummeys filed a homemade
joint tax return for tax year 2012 which was denominated "2012
Amended Joint Return."[75]   The document declared adjusted gross
income in the amount of $73,004, a tax owing of $3,081 and claimed
entitlement to a refund of $10,229.[76]   On June 21, 2013, the IRS
sent the Crummeys a notice that informed them, "We have no record
of receiving your original return, therefore we cannot process your
amended return.   Please complete a new Form 1040 including your
amended changes and mail back to us."[77]

In response, on July 11, 2013, the Crummeys filed another
homemade return, this one denominated as "2012 Tax Return."[78]   It
made the same claim for refund in the amount of $10,229.[79]   The
record does not reflect that the IRS took any action on this

---

[73]   See Doc. 91-18, Ex. 29 to U.S.'s Resp. & Mot. for Summ. J.,
Certificate of Tax Assessments & Payments for 2003 Tax Year p. 4.

[74]   See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp. p. 2.

[75]   See Doc. 49-1, Ex. 1 to Pls.' Mot. for Partial Summ. J., 2012 Am. Jt.
Tax Return.

[76]   Id. p. 2.

[77]   See Doc. 49-2, Ex. 2 to Pls.' Mot. for Partial Summ. J., Letter Dated
June 21, 2013 p. 3.

[78]   See Doc. 49-3, Ex. 3 to Pls.' Mot. for Partial Summ. J., 2012 Tax
Return p. 2.

[79]   Id.

homemade document claiming a tax refund.

On January 19, 2016, the Crummeys filed a 2012 Form 1040 which again declared the same income, deductions and credits and claimed a refund in the amount of $10,229.[80] The IRS processed this return and determined that the Crummeys were entitled to a refund in the amount of $10,229.[81] The United States is presently holding this refund in a suspense account and has not applied it to any tax delinquency.[82]

### c. 2013 Tax Year

On or about May 15, 2014, the Crummeys filed a homemade 2013 tax return.[83] That document declared adjusted gross income in the amount of $36,654.68 after deducting for a business loss, $0 tax owed and sought a refund of withheld taxes in the amount of $15,591.65.[84] A homemade 2013 amended tax return signed on or about March 20, 2015, indicated a tax liability of $4,281 and sought a refund in the amount of $11,310.65.[85] On March 7, 2016, the IRS sent the Crummeys a notice that they would receive a tax refund for

---

[80] See Doc. 49-4, Ex. 4 to Pls.' Mot. for Part. Summ. J., 2012 1040 Tax Return pp. 1-2.

[81] See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp. p. 2.

[82] As of June 21, 2017, the IRS conceded that it owed the Crummeys a refund in the amount of $10,229, plus accrued interest. Id.

[83] Doc. 50-1, Ex. 1 to Pls.' Mot. for Partial Summ. J., 2013 Tax Return.

[84] Id. p. 2.

[85] Doc. 50-2, Ex. 2 to Pls.' Mot. for Partial Summ. J., 2013 Am. Tax Return p. 2.

2013 in the amount of $10,837.65, "as long as you don't owe other tax or debts we're required to collect."[86]  Because the Crummeys owed the United States for back taxes and because the Crummeys filed this suit, that amount has been placed in a suspense account and not applied to any deficiency.[87]

### d.  Tax Year 2014

On or about April 15, 2015, the Crummeys filed a homemade 2014 tax return.[88]  That document claimed adjusted gross income of $105,223, and, after deducting allowed offsets, sought a refund in the amount of $6,118.70.[89]  The IRS took no action on this document. On January 20, 2016, the Crummeys filed a Form 1040 for tax year 2014, seeking a refund in the amount of $6,118.[90]  This refund amount was approved and applied to the Crummeys' 2003 tax liability.[91]  The present balance owed on the 2014 tax year is zero.[92]

---

[86]  Doc. 50-4, Ex. 4 to Pls.' Mot. for Partial Summ. J., Not. of Refund p. 2.  The difference in the amount claimed and the amount refunded was due to the IRS's determination that the Crummeys had under-reported approximately $3,000 in income. Id. p. 3.

[87]  See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp. p. 2.

[88]  Doc. 51-2, Ex. 2 to Pls.' Mot. for Partial Summ. J., 2014 Tax Return p. 2.

[89]  Id.

[90]  Doc. 51-3, Ex. 3 to Pls.' Mot. for Part. Summ. J., 2014 Form 1040 p. 3.

[91]  See Doc. 114-1, Ex. 1 to U.S.'s Reply to Pls.' Jt. Resp., Certificate of Tax Assessments & Payments p. 97.

[92]  Id. p. 98.

## 7. Recalculations of Payments

At the February 17, 2017 hearing, the court required further explanation from the government concerning the reason it created three tax accounts for the 2003 tax year – the restitution account, the 2003 Form 1040 account and the 2003 Form 1041 I-Systems account.

In response to the court's inquiry, the Crummeys complained that the separate account for the 2003 Form 1041 I-Systems return and the 2003 portion of the restitution account amounted to a double recovery.[93] The Crummeys argued that the IRS did not fully apply all of Brent Crummey's restitution payments to the 2003 tax year and failed to credit a $27,900 payment to the 2003 tax year.[94] Brent Crummey pointed to a January 21, 2014 letter from his probation officer that stated that, although his restitution balance per the court's records was $52,189.22, the officer had received information from the IRS that Brent Crummey had paid $71,328.40 toward balances owing.[95] The probation officer reminded Crummey that he had an obligation to seek verification from the IRS that his restitution obligation had been satisfied.[96]

On February 27 and 28, 2017, the United States conceded that

---

[93]     See Doc. 103, Pls.' Jt. Suppl. Resp. in Opp. to U.S.'s Cross-Mot. for Summ. J. pp. 2-3.

[94]     See id. p. 4.

[95]     See Doc. 103, Ex. 3 to Pls.' Jt. Suppl. Resp. in Opp. to U.S.'s Cross-Mot. for Summ. J., Letter Dated Jan. 21, 2014 p. 1.

[96]     See id.

the restitution and 2003 Form 1041 I-Systems accounts should have been linked.[97]   It combined the restitution account payments attributed to tax year 2003 with the payments and balance owing on the 2003 Form 1041 account.[98]   As a result, the United States admitted that Crummey had fully satisfied his tax liability for tax year 2003 and moved to withdraw the portion of its counterclaim that sought a judgment for this tax year.[99]

On May 18, 2017, the IRS submitted an updated computation of the taxes, penalties and interest owing by Plaintiffs for the 2003 tax year.[100]   According to the IRS, the Crummeys still owed the IRS $5,309.10 for the 2003 tax year after the three accounts and payments made thereon were combined.[101]   Counsel for the United States cautioned that she had not had the time to verify the computations but filed them in compliance with the court's instructions.[102]

On June 8, 2017, the Crummeys filed a response to the government's new calculation.[103]   Not surprisingly, the Crummeys

---

[97]   See Doc. 100, U.S.'s Brief in Resp. to Feb. 17, 2017 Hr'g p. 2;  Doc. 102, U.S.'s Suppl. to its Reply pp. 1-2.

[98]   Id.

[99]   Id.; Doc. 102, U.S.'s Suppl. to its Reply, pp. 1-2.

[100]   See Doc. 110, U.S.'s Suppl. to its Cross-Mot. for Summ. J.

[101]   See id. p. 1.

[102]   Id.

[103]   Doc. 112, Pls.' Jt. Resp. in Opp. to U.S.'s Suppl. to its Cross-Mot. for Summ. J.

objected to the new calculation based on its lack of a sworn authentication and the government's prior admission that the 2003 tax year had been paid in full as of January 22, 2016.[104] The Crummeys further argued that, because the 2003 tax year was deemed paid in full, they were entitled to their 2009 and 2014 tax refunds which previously had been applied to the 2003 Form 1041 I-Systems deficiency.[105] In addition, the Crummeys also complained that the new calculation did not credit restitution payments of $150, $150, $500 and $27,000 to the 2003 tax year.[106]

On June 21, 2017, the United States responded to the Crummeys' arguments and attached an affidavit from Revenue Officer Danny Sobities ("Sobities") attesting to the current balances owed by the Crummeys.[107] With respect to the 2003 tax year, the United States reminded the court that it had submitted the May 18, 2017 calculation before it could be verified.[108] After a review by counsel, the United States discovered another error in the 2003 tax year, that being that only two of the three accounts had been combined.[109] After combining the three accounts, the United States

---

[104] See id. p. 2.

[105] See id. pp. 2-3.

[106] See id. p. 3.

[107] See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp.; Doc. 114-2 Aff. of Danny Sobities.

[108] See Doc. 114-2 Aff. of Danny Sobities p. 1.

[109] Id.

conceded in its brief that there was a net overpayment by the Crummeys for the 2003 tax year in the amount of $7,586.62.[110] However, the supporting documentation attached to that same brief contradicted Sobities' testimony and showed a $4,520.49 tax deficiency for the 2003 Form 1040 account,[111] a refund owing in the amount of $18,311.03 for the 2003 Form 1041 account,[112] and a zero balance in the 2003 Civil Penalty account,[113] for a total refund owing of $13,790.54.[114]

Also, on June 21, 2017, the United States submitted amended Certificates of Assessments and Payments for tax years 2005, 2006, 2008, 2009, 2012, 2013, and 2014, the tax years in this suit.[115] The United States' brief indicated that the Crummeys were owed a refund of $4,137.35 for the 2005 1040 account, and that figure was verified by the applicable exhibit.[116] However, the brief argued that Brent Crummey owed $59.08 for the Section 6651(f) penalty account, but the official transcript of account showed a zero

---

[110]   Id. p. 2. This overpayment includes credits for the 2009 and 2014 tax refunds. Although this figure appears in the United States' brief, the supporting exhibits reflected other numbers. See Doc. 114-1, Certificate of Tax Assessments & Payments pp. 15 26, 31, 34. At a status conference on July 28, 2017, the United States conceded that the sworn exhibits did not support its brief. See Doc. 122, Min. Entry Ord. Dated July 28, 2017.

[111]   See Doc 114-1, Certificates of Tax Assessments & Payments p. 15.

[112]   See id. p. 26.

[113]   See id. p. 34.

[114]   This figure is based on the court's calculation.

[115]   See Doc. 114-1, Certificates of Tax Assessments & Payments pp. 1-98.

[116]   See id. p. 41.

balance for that account.[117]

Relative to the 2006 1040 tax year, Sobities testified that Brent Crummey owed Section 6651(f) penalties in the amount of $27,224.72 and that Cheryl Crummy owed Section 6651(a)(1) penalties in the amount of $9,815.05.[118] The supporting transcripts of accounts showed that Brent Crummey owed $26,877.11[119] and that Cheryl Crummey owed zero.[120]

Turning to the 2008 tax year, Sobities averred that Brent Crummey owed $7,747.31 for Section 6651(f) penalties;[121] the transcript of account shows that Brent Crummey owed $7,554.92,[122] a difference most likely attributable to accrued interest.

The most recent transcripts show that the United States owes refunds to the Crummeys in the amount of $10,229 for tax year 2012 and $10,837.65 for tax year 2013.[123] The transcripts indicate that the Crummeys' 2009 and 2014 refunds were applied to the tax

---

[117]    See id. p. 50.  The $59.08 figure is both debited and credited to the 2003 tax year.  See id. p. 48.

[118]    See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp. p. 2; Doc. 114-2, Aff. of Danny Sobities p. 2.

[119]    See Doc. 114-1, Certificates of Tax Assessments & Payments p. 58. The court assumes that this $347.61 difference is attributable to interest accruing between the time of the issuance of the certificate of assessment and the affidavit of Sobities, however this is not explained by Sobities.

[120]    See id. p. 69.

[121]    See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp. p. 2; Doc. 114-2, Aff. of Danny Sobities p. 2.

[122]    See Doc. 114-1, Certificates of Tax Assessments & Payments p. 73.

[123]    See id. pp. 86, 92.

deficiency in the 2003 tax year.[124]

## II.  **Summary Judgment Standard**

Summary judgment is warranted when the evidence reveals that no genuine dispute exists on any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (1992).  If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute.  Stauffer,

---

[124]    See id. p. 19.

741 F.3d at 581 (citing <u>Hathaway v. Bazany</u>, 507 F.3d 312, 319 (5th Cir. 2007)).

Cross-motions for summary judgment are considered separately under this rubric. <u>See</u> <u>Shaw Constructors v. ICF Kaiser Eng'rs</u>, 395 F.3d 533, 538-39 (5th Cir. 2004). Each movant must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, and the court views the evidence in favor of each nonmovant. <u>See</u> <u>id.</u>; <u>Tidewater Inc. v. United States</u>, 565 F.3d 299, 302 (5th Cir. 2009)(quoting <u>Ford Motor Co. v. Tex. Dep't of Transp.</u>, 264 F.3d 493, 499 (5th Cir. 2001)).

### III. Analysis

In a tax refund suit, the burden is on the taxpayer to prove the correct amount of the refund to which he is entitled. <u>United States v. Janis</u>, 428 U.S. 433, 440 (1976); <u>Portillo v. Comm'r of Internal Revenue</u>, 932 F.2d 1128, 1133 (5th Cir. 1991). In doing so, he must not only show that there was an error in the asserted deficiency, but also in the amount of the refund to which he is entitled. <u>See</u> <u>Janis</u>, 428 U.S. at 440. In general, where a refund is owing in one tax year, the United States may credit that amount against any liability owing by the taxpayer in another year. <u>See</u> 26 U.S.C. § 6402(a).

### A. **Tax Years 2005, 2006 and 2008**

The tax penalties from tax years 2005, 2006 and 2008 have been fully litigated by the Tax Court and affirmed by the Fifth Circuit.

24

See Crummey v. Comm'r of Internal Revenue, 684 F. App'x 416 (5th Cir. 2017)(unpublished). The United States seeks a determination that the Tax Court's judgment is res judicata and entry of judgment in that amount.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). For res judicata to apply, the following four elements must be present: (1) the parties must either be "identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." In re Southmark Corp., 163 F.3d 925, 934 (5th Cir. 1999).

Here it is undisputed that the parties are the same, the Tax Court was a court of competent jurisdiction, a final judgment was rendered, and the causes of action are identical. The court agrees with the United States that the Tax Court's judgment is the final word on the taxes and penalties assessed for tax years 2005, 2006 and 2008, and this court must enter a judgment in favor of the United States for these tax years.

**B.** **Tax Years 2009, 2012, 2013 and 2014**

In Plaintiffs' motions for summary judgment, they argue that they are entitled to tax refunds for tax years 2009, 2012, 2013 and

25

2014. It appears undisputed that the Crummeys were entitled to refunds for tax years 2009 ($12,848.04), 2012 ($10,229), 2013 ($10,837.65), and 2014 ($6,118). And, if this were just a matter of these refunds being applied to the adjudicated tax liabilities of 2005, 2006 and 2008 pursuant to 26 U.S.C. § 6402(a), the court's inquiry would be over.

It is the 2003 tax year that poses the problem. The United States included the 2003 tax year in its request for a judgment on the Crummey's unpaid taxes. Unlike the 2005, 2006 and 2008 tax years, the United States never issued a Notice of Deficiency for that year which would have triggered a right to appeal an additional assessment for that tax year and that tax year presumably would have been included in the Tax Court litigation with tax years 2005, 2006 and 2008.

In the 2003 Form 1041, Brent Crummey incorrectly claimed that he had withholding credits of $19,313.89, and the United States refunded that amount based on the 2003 Form 1041. When the United States determined that Crummey had overstated the amount of withholding to which he was entitled, it reversed the refund on August 27, 2007, and reinstituted the tax owing of $19,313.89 through a Statutory Notice of Balance Due letter.[125]

Section 6201(a)(3) of Title 26 allows the Internal Revenue Service to treat an overstatement of taxes withheld on a return as

---

[125]    See Doc. 114-1, Certificate of Tax Assessment & Payments p. 17.

a mathematical or clerical error and bypass the deficiency procedures set forth in 26 U.S.C. §§ 6211-6213. The United States was acting within its statutory rights to reassess the $19,313.89 via the Statutory Notice of Balance Due pursuant to 26 U.S.C. § 6201(a)(3).

Brent Crummey has repaid significant amounts on the 2003 Form 1041 account, the restitution account, and the 2003 Form 1040 account. Although the United States claims to have consolidated these accounts, no official document reflects this representation. And, although the official transcripts of accounts are generally accorded the presumption of correctness, the court cannot do so in this case as there have been four very different accountings of the amount owed for this tax year.[126] See U.S. v. McCallum, 970 F.2d 66, 71 (5th Cir. 1992). The official transcripts reflect payments made, reversed, and/or transferred to other tax years.[127] The affidavit of Sobities is just the most recent representation of the amounts owed by the Crummeys and fails to explain the math behind

---

[126] For example, in its brief in response to Brent Crummey's motion for summary judgment, the United States argued that, as of January 12, 2017, Crummey owed $15,565.84 for the 2003 tax year. See Doc. 66, U.S.'s Resp. & Cross-Mot. for Summ. J. p. 1. On February 28, 2017, the United States stated, "it now appears that Brent Crummey does not owe the Government any income tax amounts on tax year 2003 or restitution for 2003." Doc. 102, U.S.'s Suppl. to its Reply p. 1. On May 18, 2017, the United States averred that as of that date, Brent Crummey owed the United States $5,309.10 for the 2003 tax year after combining the accounts, including payments made toward the restitution judgment. See Doc. 110, U.S.'s Suppl. to its Cross-Mot. for Summ. J. p. 1. On June 21, 2017, the United States put forth an unexplained number for the 2003 tax year: that Brent Crummey owed $3,053.45 on the 2003 Form 1040SA account but was due a refund of $10,640.07 in the 2003 Form 1041 account. See Doc. 114, U.S.'s Reply to Pls.' Jt. Resp. p. 2.

[127] See Doc. 114-1, Certificate of Assessments & Payments, pp. 5-11, 13.

his bare representations of the amounts owing.

After the court questioned the United States about the rationale behind having three accounts for the Crummeys' 2003 tax year when only the false claim for refund was the genesis of the deficiency, the United States indicated an intent to non-suit the 2003 tax year from this suit.[128]

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may not dismiss a claim without a court order if there is an answer or a pending motion for summary judgment. As the Crummeys have answered the United States' counterclaim and have filed a cross-motion for summary judgment with respect to the 2003 tax year, the United States may not voluntarily dismiss the 2003 tax year counterclaim without a court order.

Under Rule 41(a)(2), the court may dismiss the action on terms it deems proper. Generally, a voluntary dismissal should be freely granted "unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002)(citing Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990)). Here, such prejudice is present. The United States has acknowledged that it has applied the 2009 and 2014 tax refunds to the 2003 tax year. As the United States' summary judgment evidence on the 2003 tax year is self-contradictory and, at times,

---

[128]    See Doc. 102, U.S.'s Suppl. to its Reply, p. 1.

indicative of no tax deficiency owing, the court cannot say that these refunds have been applied to a tax deficiency as permitted by 26 U.S.C. § 6402(a). Therefore, to allow the United States to remove the 2003 year tax liability from the court's review is to deny the Crummeys the ability to challenge their claim to refunds for the 2009 and 2014 tax years. It is therefore recommended that The United States' request to non-suit its counterclaim for the 2003 tax year be denied as it remains relevant to the Crummey's pending claims for refunds in the 2009 and 2014 tax years.

In Brent Crummey's motions for partial summary judgment, he complains that his 2003 Form 1041 was assessed a tax outside of the applicable limitations period.[129] He posits that his 2003 Form 1041 return was "void ab initio," because the IRS wrongfully placed the taxpayer identification number of his sole proprietorship on the return and, therefore, the only valid return for the 2003 tax year was the 2003 Form 1040 filed in March 2004.[130]

Factually, it appears this argument is misplaced. Crummey filed the false claim for refund using a Form 1041 in his name on June 8, 2006, received the refund on August 21, 2006, and the refund was reassessed on May 10, 2007, within the three-year limitations period. And, in the case of a false or fraudulent return, there is no limitations period for fraud assessments. See

---

[129] See Doc. 62, Pl.'s 1st Mot. for Partial Summ. J.; Doc. 71, Brent Crummey's Reply & Cross-Motion for Partial Summ. J.

[130] See Doc. 62, Pl.'s 1st Mot. for Partial Summ. J. p. 6.

26 U.S.C. § 6501(c)(1).

The court also rejects Crummey's other arguments in his motion attacking his conviction for this tax year. Crummey's motions for summary judgment concerning the 2003 tax year must be denied on these bases.

The United States' motion for summary judgment concerning the 2003 tax year should be granted on the legitimacy and timeliness of the statutory notice of balance due as Section 6201(a)(3) allowed the United States to reassess the tax without issuance of a Notice of Deficiency. However, the United States' motion must be denied in part because the summary judgment evidence does not show as a matter of undisputed fact the amount of the Crummey's tax deficiency for the 2003 tax year.

## IV. Conclusion

It is therefore **RECOMMENDED** that Plaintiffs' First Motion for Partial Summary Judgment (Tax Year 2009)(Doc. 48); Plaintiffs' Second Motion for Partial Summary Judgment (Tax Year 2012)(Doc. 49); Plaintiffs' Third Motion for Partial Summary Judgment (Tax Year 2013)(Doc. 50); Plaintiffs' Fourth Joint Motion for Summary Judgment (Tax Year 2014)(Doc. 51) be **GRANTED IN PART;** that Brent Crummey's First Motion for Summary Judgment (Tax Year 2003) (Doc. 62) be **DENIED;** that Brent Crummey's Cross-Motion for Partial Summary Judgment (Tax year 2003)(Doc. 71) be **DENIED;** the United States' Cross-Motion for Partial Summary Judgment (Tax Year

2003)(Doc. 66) be **DENIED;** and the United States' Cross-Motion for Summary Judgment (Tax Years 2005, 2006, and 2008)(Doc. 90) be **GRANTED.**

If this recommendation is adopted, the Crummeys' tax deficiency, credits and payments for tax year 2003 remain to be determined by the trier of fact.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this _5ᵗʰ_ day of September, 2017.

Nancy K. Johnson
United States Magistrate Judge